IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**GILBERT DELEON**
**#83223**                                                                                                       **PLAINTIFF**

**V.**                                    **NO. 4:23-cv-00711-ERE**

**ABSALAM TILLEY,** *et al.*                                                              **DEFENDANTS**

### ORDER OF DISMISSAL[1]

### I.  Summary:

Pending before the Court is Defendants' motion to dismiss *pro se* Plaintiff Gilbert Deleon's claims against them for failure to state a plausible constitutional claim for relief. *Doc. 11*. Mr. Deleon has not responded to the Defendants' motion, and the time to do so has passed. *Doc. 13*. Accordingly, the motion is now ripe for review.

For reasons explained below, the motion (*Doc. 11*) is GRANTED.

### II.  Discussion:

#### A.  Background

Mr. Deleon, a pre-trial detainee at the Pulaski County Detention Facility ("Detention Facility"), filed this civil rights lawsuit under 42 U.S.C. § 1983. *Doc. 2*. Mr. Deleon alleges that Absalam Tilley, Gina Tilley, and Lauren Messer have been

---

[1] The parties have consented in writing to my jurisdiction. *Doc. 14*.

deliberately indifferent to his dental health needs. He sues Defendants in their individual capacity only seeking monetary damages. *Doc. 7 at 2*.

In his second amended complaint, filed on September 1, 2023,[2] Mr. Deleon alleges that: (1) Defendants "refused to assist me in my medical need"; (2) Defendant Messersmith did not respond to his requests for medical treatment; and (3) Defendants "shall be liable as they have been neglect[sic] in providing care." *Doc. 7 at 4*.

B.   **Standard**

To survive a motion to dismiss, a complaint must allege sufficient facts such that, when accepted as true, a facially plausible claim to relief is stated. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If a complaint fails to state a claim on which relief can be granted, it should be dismissed. FED. R. CIV. P. 12(b)(6). When making this determination, a district court accepts the factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). Even so, factual allegations must "raise a right to relief above the speculative level" and "state a claim to relief that is

---

[2] In his original and first amended complaints, Mr. Deleon sued Defendants for money damages in their official capacity only. *Docs. 2, 5*. However, Mr. Deleon did not allege that he suffered any constitutional injury as a result of any Pulaski County custom or policy. Rather than dismiss Mr. Deleon's claims, the Court provided Mr. Deleon an opportunity to file a second amended complaint to clarify in what capacity he intended to sue each Defendant (individual, official, or both). *Docs. 3, 6*. Mr. Deleon's second amended complaint is now before the Court for screening.

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Mere "labels and conclusions" are insufficient, as is a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Legal conclusions couched as factual allegations may also be disregarded. See *Iqbal,* 556 U.S. at 679.

### C. Medical Deliberate Indifference[3]

To state a plausible medical deliberate indifference claim against Defendants, Mr. Deleon must allege facts which, accepted as true, are sufficient to support a reasonable inference that: (1) he had "objectively serious medical needs"; and (2) Defendants "actually knew of but deliberately disregarded those needs." *Hamner v. Burls,* 937 F.3d 1171, 1177 (8th Cir. 2019); see also *Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016).

A medical need is objectively serious if it has been "diagnosed by a physician as requiring treatment" or if it is "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Barton v. Taber,* 908 F.3d 1119, 1124 (8th Cir. 2018). When a prisoner alleges that a delay in medical treatment has violated his constitutional rights, the "objective seriousness of the deprivation should

---

[3] Given Mr. Delon's pretrial status, his inadequate medical care claims arise under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment's Cruel and Unusual Punishment Clause. See *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979). However, the Eighth Circuit has applied the Eighth Amendment's deliberate indifference standard to inadequate medical care claims raised by both convicted inmates and pretrial detainees. See *Whitney v. City of St. Louis, Missouri*, 887 F.3d 857, 860 & n.4 (8th Cir. 2018) (applying deliberate indifference standard to claim that correctional officer failed to monitor and provide adequate medical care to detainee who committed suicide).

also be measured 'by reference to the *effect* of delay in treatment.'" *Laughlin v. Schriro,* 430 F.3d 927, 929 (8th Cir. 2005); see *Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 2001) (a prisoner must demonstrate that the delay in obtaining medical treatment adversely affected his prognosis, or that defendants ignored an acute or escalating situation); and *Robinson v. Hager*, 292 F.3d 560, 564 (8th Cir. 2002) (no Eighth Amendment violation if a prisoner is not actually harmed by the failure to receive medical care). Importantly, "the Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. County of Hennepin, Minnesota,* 557 F.3d 628, 633 (8th Cir. 2009).

Under the subjective component of an inadequate medical care claim, prison officials may not "deliberately delay or deny prisoners' medical care," but a prisoner "must show more than negligence, more even than gross negligence," to make out a constitutional violation. *Hamner,* 937 F.3d at 1177; see *Roberts v. Kopel,* 917 F.3d 1039, 1042 (8th Cir. 2019) (deliberate indifference requires a mental state "akin to criminal recklessness").

Here, Mr. Deleon fails to allege sufficient facts to show he suffered from a serious medical need;[4] nor does he allege any acts or omissions by Defendants that resulted in harm or injury. Without any such factual allegations, Mr. Deleon has

---

[4] Mr. Deleon's original complaint alleged that he suffered from a "bad tooth." Doc. 2 at 4.

4

failed to state a plausible constitutional claim for relief.

### III. Conclusion:

IT IS HEREBY ORDERED THAT:

1. Defendants' motion to dismiss (*Doc. 11*) is GRANTED.

2. Mr. Deleon's claims are DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

3. The Court certifies that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

4. The Court recommends that, in the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

5. Defendants' motion for summary judgment raising the issue of exhaustion (*Doc. 15*) is DENIED, as moot.

6. The Clerk is instructed to close this case.

So Ordered 8 November 2023.

_____
UNITED STATES MAGISTRATE JUDGE